UNITED STATES of America,
Plaintiff–Appellant,

v.

John HAYDEN, Defendant–Appellee.

No. 88–5241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 22, 1988.

Decided Nov. 3, 1988.

Terree A. Bowers, Asst. U.S. Atty., Chief, Major Frauds Section, Los Angeles, Cal., for plaintiff-appellant.

Richard Marmaro and James C. Chalfant, McCambridge, Deixler & Marmaro, Los Angeles, Cal., for defendant-appellee.

Before NORRIS, HALL and KOZINSKI, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The United States of America appeals from the district court's dismissal with prejudice of part of its indictment. We conclude that the district court abused its discretion and therefore reverse.

## I

In May 1986, a federal grand jury indicted defendant John Hayden on charges of participating in fraudulent loan transactions involving real estate in Chatsworth and Rivendale, California. Trial originally was set for July 22, 1986. Hayden then sought and was granted severance from his co-defendants. The district court also granted his motion to continue the trial to January 13, 1987.

In the meantime, on October 8, 1986, a grand jury had returned a superseding indictment charging Hayden with wire fraud and interstate transportation of stolen property. In December of 1986, Hayden again sought a trial continuance, and the district court moved the trial date to February 1987. In February 1987, Hayden and the government joined in a motion to continue trial until March 31, 1987.

On March 10, 1987, the government made a motion to continue trial, stating that it needed additional time to complete the designation of transcripts from the trial of Hayden's codefendants, which had ended in February 1987. The court denied the motion.

On March 27, 1987, the government moved under Fed.R.Crim.P. 48(a) to dismiss the indictment without prejudice. To support its motion, the government explained that it had received the cooperation of a codefendant, Daniel Bailey, which promised to expand the scope of the charges against Hayden. Faced with an expanding investigation of Hayden, the government claimed that it would be in the interests of justice to dismiss and reindict Hayden in a single, all-encompassing indictment, rather than to pursue piecemeal litigation of various fraudulent loan transactions. The government argued to the district court that the Rule 48(a) motion had to be granted unless the court found the government pursued the motion in bad faith. Unable to find bad faith, the court conceded that it had no discretion to deny the motion and thus dismissed the indictment without prejudice on March 30, 1987. The court warned the government, however, that it might have trouble reindicting Hayden for the Chatsworth and Rivendale transactions.

On March 22, 1988, the government reindicted Hayden. The new indictment covered the Chatsworth and Rivendale transactions and also encompassed a fraudulent scheme that postdated the Chatsworth transaction. The new indictment also charged conspiracy, an additional criminal theory. On May 31, 1988, Hayden filed a motion to dismiss the indictment with prejudice. The district court held a hearing on June 13, 1988, to consider the motion and, pursuant to Fed.R.Crim.P. 48(b), dismissed with prejudice the portions of the indictment dealing with the Chatsworth and Rivendale transactions. The district court found that the government failed to prose-

cute diligently, thereby causing Hayden to suffer prejudice. The government subsequently moved the district court for a stay of the trial on the remaining charges so that it could pursue an interlocutory appeal. The district court denied the motion. The government then filed an emergency motion with this court for an order staying trial pending the appeal, which was granted.

## II

■ The question raised on appeal is whether the district court improperly dismissed with prejudice under Rule 48(b) those portions of the new indictment dealing with the Chatsworth and Rivendale transactions.[1] We review the district court's decision to dismiss these counts of the reindictment for an abuse of discretion. *United States v. Gilbert*, 813 F.2d 1523, 1531 (9th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 173, 98 L.Ed.2d 127 (1987). Jurisdiction is based on 18 U.S.C. § 3731. *See United States v. Towill*, 548 F.2d 1363, 1368 (9th Cir.1977) (dismissal with prejudice under Rule 48(b) clearly appealable); *see also Serfass v. United States*, 420 U.S. 377, 387, 95 S.Ct. 1055, 1061–62, 43 L.Ed.2d 265 (1975) (section 3731, as amended, provides for appeals from dismissal in all cases where Constitution permits).

## III

In dismissing the indictments with prejudice, the district judge purported to exercise his power under Rule 48(b), which provides:

If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

Rule 48(b) protects against unreasonable preindictment and postindictment delays. The instant case involves a claim of postindictment delay based on the government's "failure to diligently prosecute."[2]

The government argues for the first time on appeal that the district judge, in dismissing the counts dealing with the original indictment under Rule 48(b), incorrectly relied on the period of time between the Rule 48(a) dismissal and reindictment. Hayden urges us to decline to address the merits of this contention, claiming that the government is procedurally barred from raising this issue on appeal.

■ As a general proposition, a party must raise an objection initially to the trial court in order to preserve it for appeal. *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir.1983) ("issue not presented to the trial court cannot be raised for the first time on appeal"), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). However, where the issue not raised below is legal in nature and does not affect or rely on the factual record, it properly may be heard on appeal. *Id.; see also Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir.1980); *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir.1978). Since this issue is purely legal, we have decided to address it.

■ In supporting the merits of its claim that the district judge erred in considering the dismissal-reindictment period, the government cites *United States v. Lovasco*, 431 U.S. 783, 789 n. 8, 97 S.Ct. 2044, 2048 n. 8, 52 L.Ed.2d 752 (1977). In a footnote, *Lovasco* noted that the Court had held in *United States v. Marion*, 404 U.S. 307, 319, 92 S.Ct. 455, 462–63, 30 L.Ed.2d 468 (1971), that Rule 48(b) is limited to postarrest situations. Since Hayden was no longer under arrest or indictment after the Rule 48(a) dismissal, the government

---

1. In his Rule 48(b) dismissal motion, Hayden conceded that he had "no basis for seeking dismissal under the statute of limitations, the Sixth Amendment guarantee of a speedy trial, [or] the due process clause of the Fifth Amendment." Consequently, these issues are not before us.

2. *See* District Court Order, *United States v. Hayden*, D.C. No. CR–88–216–1–HLH (June 13, 1988) (order dismissing portions of the indictment dealing with the Chatsworth and Rivendale transactions).

contends, *Lovasco* forecloses the district judge from considering the time after this dismissal in making its Rule 48(b) ruling.

While we agree that the district judge could not dismiss under Rule 48(b) on the basis of the delay between the Rule 48(a) dismissal and the reindictment, we arrive at this conclusion by a different route. *Marion*, the case upon which *Lovasco* relies, does not itself compel the position pressed by the government. *Marion* involved a claim of preindictment delay, where there was no arrest or charge to trigger Rule 48(b). In contrast, Hayden in fact was arrested and indicted prior to the Rule 48(a) dismissal. The question that arises, therefore, is whether *Marion*'s assertion that Rule 48(b) is limited to postarrest situations prevents consideration of the delay during the dismissal-reindictment period. *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), supplies an affirmative answer by analogy.

In *Loud Hawk*, as in the case at bench, the government indicted the defendant, dismissed the indictment, and then reindicted. The Court held that the time during dismissal and reindictment should be excluded from the length of delay considered under the speedy trial clause of the sixth amendment. *Id.* at 311, 106 S.Ct. at 654. After dismissal of the charges, the Court concluded, " 'a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer.' " *Id.* (quoting *United States v. MacDonald*, 456 U.S. 1, 9, 102 S.Ct. 1497, 1502–03, 71 L.Ed. 2d 696 (1982)).

■ The reasoning of *Loud Hawk* makes Rule 48(b) inapplicable to the dismissal-reindictment period. The holding in *Loud Hawk* is based on drawing a distinguishing line between a citizen against whom charges have been dismissed and one "who has been arrested and held to answer." *Loud Hawk*, 474 U.S. at 311, 106 S.Ct. at 654. Similarly, in concluding that Rule 48(b) is limited to postarrest situations, *Marion* emphasized that the language in that subsection confines its scope to "a defendant who has been held to answer to the district court." [3] *Marion*, 404 U.S. at 319, 92 S.Ct. at 462–63. Moreover, there is a similarity between the primary purpose underlying both the speedy trial clause and Rule 48(b): prompt prosecution of the accused. *See* 6 L. Orfield, Criminal Procedure under the Federal Rules § 48:30, at 288–91 (2d ed. 1987). *Compare Marion*, 404 U.S. at 313, 92 S.Ct. at 459–60 *with United States v. Singleton*, 460 F.2d 1148, 1152 (2d Cir.1972), *cert. denied*, 410 U.S. 984, 93 S.Ct. 1506, 36 L.Ed.2d 180 (1973). We therefore hold that it would be an abuse of discretion for the district judge to have considered the Rule 48(a) dismissal-reindictment period in ruling on a motion to dismiss with prejudice under Rule 48(b).[4]

## IV

■ Hayden contends that the district judge in fact did not rely on the dismissal-reindictment period in dismissing with prejudice under Rule 48(b). Instead, he argues, the judge's dismissal was solely based on the government's failure to prosecute in March of 1987.[5]

---

**3.** Hayden contends that despite the dismissal he was prejudiced by the looming and inevitable reindictment. That it was well known that the government would reindict Hayden is not legally significant. *Loud Hawk* explicitly rejected this claim as it applies to the speedy trial clause. *Loud Hawk*, 474 U.S. at 311, 106 S.Ct. at 654 ("Public suspicion . . . is not sufficient to justify the delay in favor of a defendant's speedy trial claim."). Similarly, we find this argument unavailing with regard to Rule 48(b).

**4.** Criminal defendants are not entirely unprotected during this period. Claims of prejudicial

delay may be scrutinized under the due process clause of the fifth amendment. *See United States v. MacDonald*, 456 U.S. 1, 7–9, 102 S.Ct. 1497, 1502–03, 71 L.Ed.2d 696 (1982); 3 J. Cook, Constitutional Rights of the Accused § 15:1, at 4 (2d ed. 1986). Defendants are also protected by the applicable statute of limitations.

**5.** In his brief, Hayden contended: "[T]he lower court expressly stated that it was the government's failure to go forward on March 31, 1987 which was the basis of dismissal."

In addressing this contention, preliminarily we must analyze Rule 48(a), which provides in pertinent part:

> The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate.

Before the promulgation of this Rule, the common law provided prosecutors unfettered discretion, before empaneling the jury, to enter a *nolle prosequi*, a decision not to prosecute, without first obtaining the court's consent. *See United States v. Salinas*, 693 F.2d 348, 350 (5th Cir.1982). Because of the concern that prosecutors were abusing this discretion and harassing defendants by indicting, dismissing, and reindicting without triggering the protections of the double jeopardy clause, Rule 48(a) was enacted to provide a check on prosecutorial behavior. *See Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977); *Salinas*, 693 F.2d at 351; 6 L. Orfield, *supra*, § 48:12, at 251–52. Thus, federal prosecutors now must seek "leave of court" to dismiss without prejudice. While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution. *See United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975) ("The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated."), *cert. denied sub nom., Woodruff v. United States*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976); *see also United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir.1988). This court has struck a reasonable balance to accommodate the prosecutor's discretionary role and the judiciary's supervisory role: "A fundamental consideration in assessing the propriety of a prosecutor's [Rule 48(a)] dismissal motion is whether the motion is made in 'good faith.'" *Wallace*, 848 F.2d at 1468; *see also Rinaldi*, 434 U.S. at 30, 98 S.Ct. at 85–86 (examining government's motive for seeking leave to dismiss in determining appropriateness of granting Rule 48(a) motion); *Salinas*, 693 F.2d at 351 ("The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's efforts to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss."). If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith.

In the present case, the district judge was unable to find bad faith [6] and thus properly granted the government's dismissal motion.[7] Moreover, when the

---

**6.** In fact, at the Rule 48(a) hearing, Hayden's counsel conceded that the government did not seek dismissal for an improper purpose: "It is not an issue of improper motives, because [the prosecutor] has proceeded from day one on the highest of motives as an advocate."

**7.** Hayden opposed the Rule 48(a) motion, speculating that the government's true motivation in seeking dismissal was lack of trial preparation. The government, upon reindictment, forcefully maintained that it was prepared to proceed to trial on March 31, 1987, had the district judge denied its motion.

We need not reach the issue whether trial unpreparedness provides an adequate reason for granting a Rule 48(a) dismissal. The government did not request dismissal based on its inability to try Hayden in March of 1987, and the district judge specifically noted that he was unable to find that the government could not go to trial if necessary.

This case, therefore, does not raise the issue presented in *United States v. Derr*, 726 F.2d 617 (10th Cir.1984). There, the court rejected trial unpreparedness as a basis for granting a Rule 48(a) motion. *Id.* at 619. The government in *Derr* stated that it sought the Rule 48(a) dismissal because it was "dissatisfied with the state of the investigation and the state the charges were in," thus requiring additional investigation time. *Id.* The court concluded that the government "was obviously unprepared to proceed [to trial]." *Id.*

We interpret the Tenth Circuit's holding to be based on the government's lack of trial preparedness. As indicated, we express no opinion whether this will support a Rule 48(a) dismissal.

government sought to reindict, which prompted Hayden's Rule 48(b) motion to dismiss with prejudice, the judge once again was unable to conclude, this time in retrospect, that the government originally sought its Rule 48(a) motion to circumvent the denial of the continuance motion. In fact, the judge explicitly stated that "nobody's been deceiving [him] so far as he [could] tell."[8] Consequently, he could not find the bad faith necessary to reverse his motion granting the Rule 48(a) dismissal.

■ Notwithstanding the government's right to dismiss under Rule 48(a), Hayden contends that the district judge could look solely to the time between the original indictment and dismissal without prejudice in granting the Rule 48(b) motion to dismiss with prejudice. The mere framing of this argument reveals its logical flaw. Hayden's contention is incompatible with a coherent reading of the interaction between subsections (a) and (b) of Rule 48. Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. As the district judge properly found, when the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request. It would be an anomaly to conclude that the district judge was required by Rule 48(a) to grant the dismissal *without prejudice* and yet to read Rule 48(b) to provide him with the power to later dismiss the charges *with prejudice* upon reindictment. Such an interpretation of Rule 48 would confer a right upon the government in one subsection only to snatch it away in another. We decline to give such an incongruous reading to Rule 48.

We conclude, therefore, that the district judge, having found that he properly granted the Rule 48(a) motion, could not then dismiss under Rule 48(b) on the basis of the delay between the original indictment and the Rule 48(a) dismissal.[9] Of course, had

---

We do not construe *Derr* to hold that a Rule 48(a) dismissal cannot be premised on an expanded investigation pursued in good faith. Indeed, our discussion of the purpose of Rule 48(a) inexorably would lead us to reject such a conclusion.

8. The district judge did note in his Order of June 13, 1988, that the reason given for the Rule 48(a) motion "turn[ed] out to be wrong or of no account." This observation reasonably cannot be construed to amount to a finding of bad faith. Indeed, such an interpretation would be wholly at odds with the judge's conclusion that he did not believe he was being deceived. Moreover, that the expanded investigation may have proved to be unproductive does not in and of itself permit an inference of bad faith for purposes of Rule 48(a). *See Wallace,* 848 F.2d at 1468 (simply because government investigation did not produce additional charges does not make government's asserted reason a "sham"). Rule 48(a) does not impose the unreasonable burden that the government be prescient when it seeks dismissal to expand its investigation; rather, the rule requires only that the government be forthright.

9. Hayden additionally argues that the district judge could have invoked his "inherent power" to dismiss portions of the indictment with prejudice. Rule 48(b), however, is a mere restatement of the court's "inherent power" to dismiss an indictment for failure to prosecute. Fed.R. Crim.P. 48(b) advisory committee's note. As such, the district court's "inherent power" to dismiss for "unnecessary delay" would seem to be coextensive with, and not greater than, its power under Rule 48(b).

This conclusion is buttressed by the development of case law around Rule 48(b) confining the district court's power to grant a Rule 48(b) dismissal. Underscoring the severity of dismissing an indictment with prejudice, this court has erected procedural safeguards to ensure that the district courts do not abuse their discretion. In *United States v. Simmons,* 536 F.2d 827, 836 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976), we held that a district judge must utilize caution and forewarn the prosecutor of the consequences. There is no authority holding that the *Simmons* caution-and-forewarn limitations restrict the district court in the exercise of its amorphous "inherent power." Thus, allowing the district court to invoke its "inherent power" in the context of "unnecessary delay" would appear to permit circumvention of the safeguards delineated in *Simmons* and developed in ensuing cases. *See, e.g., United States v. Gilbert,* 813 F.2d 1523, 1531–32 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 173, 98 L.Ed.2d 127 (1987); *United States v. Hattrup,* 763 F.2d 376, 377–78 (9th Cir.1985); *United States v. Towill,* 548 F.2d 1363, 1369–70 (9th Cir.1977). That is, the district court presumably could dispense with these safeguards by resting its dismissal on its "inherent power" rather than on its power under Rule 48(b).

We need not define the boundaries of the district court's "inherent power" in this case,

the district judge concluded and specifically found that the government utilized the Rule 48(a) motion as a pretext to bypass his denial of the continuance, a clear act of bad faith, he could have reversed his earlier Rule 48(a) ruling. *See United States v. Derr*, 726 F.2d 617, 619 (10th Cir.1984) (expressly approving district court's reconsideration of its prior decision to grant a Rule 48(a) dismissal). In this circumstance, he would be free to entertain a Rule 48(b) motion to dismiss with prejudice. Once the ruling is reversed, effectively there was never a dismissal without prejudice. Hence, the district judge could consider the entire period after the indictment in ruling on the Rule 48(b) motion.

### V

In conclusion, our decision to reverse is based on the district court's inability to find bad faith on the part of the government in seeking a Rule 48(a) dismissal.[10] Certain consequences result from properly granting such a dismissal. First, the district judge is then unable to rely on the time between the original indictment and the Rule 48(a) dismissal in considering a Rule 48(b) motion to dismiss with prejudice. Second, the district judge is also unable to consider the dismissal-reindictment period in making a Rule 48(b) ruling.

In the case before us, Hayden moved for a Rule 48(b) dismissal the same month the government sought to reindict. Since this short span of time reasonably could not have been contemplated in finding "unnecessary delay" under Rule 48(b), the district judge necessarily relied on either the original indictment-dismissal period or the dismissal-reindictment period, or both. This amounted to reversible error.[11]

however. The district judge explicitly relied on Rule 48(b) in dismissing part of the indictment; he did not purport to exercise any power independent of this Rule. To the extent that the district judge has "inherent power" separate from Rule 48(b), he must exercise that power; we cannot exercise it for him. Hence, Hayden's contention lacks merit.

10. Of course, a defendant could oppose the Rule 48(a) motion with a Rule 48(b) motion to dismiss with prejudice for "unnecessary delay" in

We reverse and remand the case with directions to reinstate the counts in the original indictment. The mandate shall issue forthwith. Fed.R.App.P. 2.

bringing the prosecution. In such a circumstance, the good faith issue would be reached only if the district court ruled that the government, up to that point, had not unnecessarily delayed the prosecution.

11. Because we conclude as a matter of law that under the facts of this case the district judge erred in relying on Rule 48(b) to dismiss portions of the indictment with prejudice, it is unnecessary to consider whether the *Simmons* caution-and-forewarn test was met.