**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Phillip Randy CASTIGLIONE, Defendant–Appellant.**

No. 87–1226.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1988.

Decided Oct. 28, 1988.

Amended May 23, 1989.

David R. Emerich, Jackson, Hargrove, Hillison & Emerich, Timothy V. Magill and David R. Mugridge, Nuttall, Berman & Magill, Fresno, Cal., for defendant-appellant.

Gail Brodfuehrer, Asst. Atty. Gen., Tax Div., Washington, D.C., for plaintiff-appellee.

Before SKOPIL and LEAVY *, Circuit Judges, and BURNS **, District Judge.

LEAVY, Circuit Judge:

Phillip Randy Castiglione appeals the district court's denial of his motion to dismiss Counts Five through Nine of a superseding indictment. Castiglione contends that the Double Jeopardy Clause applies because the original indictment was dismissed with prejudice and Counts Five through Nine of the superseding indictment are identical to certain counts charged in it. The original indictment was still pending when the superseding indictment was returned.

We affirm.

## FACTS AND PRIOR PROCEEDINGS

On June 15, 1985, a 121–count indictment was filed against Castiglione, Dadian, and Guerriero. In May 1986 the government filed a motion to dismiss all but twenty-nine counts, without prejudice. In June 1986, after re-interviewing a witness, the government filed an amended motion to dismiss the entire indictment, without prejudice. At the hearing on this motion, the government informed the court that a superseding indictment, which would contain several counts similar to those in the original indictment as well as additional counts, would follow. The trial judge stated that no counts of the original indictment would be dismissed without prejudice and that the case would proceed to trial unless a superseding indictment was filed before the scheduled trial date. The trial judge further stated that upon filing of a superseding indictment, he would dismiss the existing indictment with prejudice sua sponte.

The grand jury returned a superseding indictment and Castiglione was arraigned on it. The government moved to dismiss the original indictment without prejudice. In response, the trial judge indicated he would not dismiss without prejudice, and unless the government moved to dismiss

---

* Judge Leavy was drawn to replace Judge Anderson, now deceased. He has read the briefs, reviewed the record, and listened to the tape of oral argument held April 11, 1988.

** Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

with prejudice, trial on the original indictment would be set. Consequently, the government moved that the original indictment be dismissed with prejudice. The trial judge granted the motion.

Castiglione then filed a motion to dismiss Counts Five through Nine of the superseding indictment on the ground of res judicata, arguing that since those counts were identical to counts contained in the original indictment, the dismissal with prejudice constituted a final adjudication barring reprosecution. After a hearing, Castiglione's motion was denied. His motion for reconsideration was also denied. Castiglione timely appeals.

### STANDARD OF REVIEW

The district court's order denying dismissal of an indictment on double jeopardy grounds is a question of law we review de novo. *See United States v. Schwartz*, 785 F.2d 673, 676 (9th Cir.), *cert. denied*, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986).

### DISCUSSION

#### I. Finality

■ The government contends we lack appellate jurisdiction because the district court's denial of Castiglione's motion to dismiss was not a final order. The government's contention lacks merit. The "final judgment rule" of 28 U.S.C. § 1291 is subject to the collateral order exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court discussed the *Cohen* holding in *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977), and held that "pretrial orders rejecting claims of former jeopardy ... constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291." *Id.* at 662, 97 S.Ct. at 2041 (footnote omitted); *United States v. Baptiste*, 832 F.2d 1173, 1174 n. 1 (9th Cir.1987) (a district court's order remanding a case for retrial is not "final," but rather falls within the *Cohen* "collateral order" exception because it constitutes a final rejection

of the defendant's double jeopardy claim and is collateral to the principal issue of guilt); *accord United States v. Cejas*, 817 F.2d 595, 596 (9th Cir.1987). The district court's order denying Castiglione's motion to dismiss the indictment falls within the collateral order exception, giving this court jurisdiction over the appeal.

#### II. Colorable Claim

■ The government contends we lack appellate jurisdiction because Castiglione has not raised a colorable claim. That contention lacks merit. The government is correct in contending that a double jeopardy claim is not appealable unless it is colorable. *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed. 2d 242 (1984), *citing United States v. MacDonald*, 435 U.S. 850, 862, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). Castiglione, however, has raised a colorable claim by his argument that dismissal of the indictment with prejudice constitutes a final decision on the merits that bars further prosecution. Therefore, we have jurisdiction over this appeal.

#### III. Denial of Motion to Dismiss

It is the effect of the dismissal of the original indictment with prejudice upon the identical counts in the pending superseding indictment that is at issue in this appeal. This is a matter of first impression.

■ The trial judge dismissed the original indictment with prejudice only after the government had filed the superseding indictment. While the government may file a superseding indictment prior to trial, *see United States v. Chenaur*, 552 F.2d 294, 302 (9th Cir.1977), and it may have two indictments outstanding absent prejudice to the accused, *see United States v. Holm*, 550 F.2d 568, 569 (9th Cir.), *cert. denied*, 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977), it was appropriate for the government to elect to proceed solely under the superseding indictment, *see Thompson v. United States*, 202 F. 401, 404 (9th Cir. 1913). Thereafter, the trial judge denied Castiglione's motion to dismiss those counts of the superseding indictment iden-

tical to certain counts in the original indict-ment. Although the trial judge used the words "with prejudice," he did not intend the dismissal to bar prosecution on any charges contained in the pending supersed-ing indictment. A judge's ruling does not bar further prosecution if it does not repre-sent a resolution in favor of the defendant on some or all of the factual elements of the offense charged.[1] *United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978), *citing United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). We conclude that the dismissal here of the original indictment with preju-dice does not bar further prosecution on identical counts in the superseding indict-ment.

AFFIRMED.

---

**1.** In limited circumstances, a dismissal with prejudice bars further prosecution although it does not resolve disputed factual elements. For instance, a district court may dismiss an indict-ment with prejudice pursuant to Fed.R.Crim.P. 48(b), where the government has unnecessarily delayed in bringing a defendant to trial. *See United States v. Hayden,* 860 F.2d 1483, 1487–89 (9th Cir.1988).