948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Roy PARKER, Defendant-Appellant.
 No. 90-30384.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Parker contests his conviction for growing marijuana. Authorities arrested him, along with nine others, after finding hundreds of marijuana plants growing on his property. We affirm.
 
 
 3
 Parker argues, as an initial matter on appeal, that the prosecutor's vindictive conduct violated Parker's due process rights. Matters not raised below are ordinarily waived on appeal. United States v. Hayden, 860 F.2d 1483, 1485 (9th Cir.1988). There are exceptions to this rule: this court may consider as an initial matter plain errors that affect substantial rights, or purely legal issues that do not depend on a factual record. United States v. Ordonez, 737 F.2d 793, 799 (9th Cir.1983); Hayden, 860 F.2d at 1485.
 
 
 4
 Parker failed to press this issue in the district court. He waited until the sentencing hearing to raise the issue of disparity between his sentence and the sentences of the defendants who pleaded guilty in state court. He did not argue that the prosecutor had acted vindictively; he contended merely that the disparity justified a downward departure. An offhand reference to a "constitutional violation" cannot, by itself, preserve a claim of prosecutorial vindictiveness.
 
 
 5
 Nor does this claim fall within one of the exceptions to hearing matters initially on appeal. Claims of prosecutorial vindictiveness, by their very nature, require extensive factual development that can only occur in the district court. Parker is precluded from raising this issue now.
 
 
 6
 Parker also contends that the district court erred when it admitted papers, over his hearsay objections, that tended to link him to a briefcase containing incriminating evidence. We agree with the district court's ruling that the papers were not hearsay.
 
 
 7
 The government offered them to show that the briefcase was Parker's; it argued that the appearance of Parker's name on the papers was probative of his ownership of the briefcase. Nothing asserted in these documents need be true for them to be relevant. The mere fact that the briefcase had a number of papers with Parker's name on them, even if everything asserted in those papers was false, increased the likelihood that the briefcase was his. Because the papers were not offered for the truth of matters asserted within them, they fall outside the normal prohibition against hearsay. Fed.R.Evid. 801(c).
 
 
 8
 Parker contends finally that a question by Judge Kleinfeld violated his fifth amendment right against self-incrimination. Judge Kleinfeld asked Parker's counsel whether she would stipulate to Parker's ownership of the briefcase.
 
 
 9
 The Supreme Court has made clear that fifth amendment rights against self-incrimination may not be asserted on behalf of third parties. See Fisher v. United States, 425 U.S. 391 (1976). In rejecting attorneys' attempts to assert clients' fifth amendment rights, the Court has noted that the " 'Amendment is limited to a person who shall be compelled in any criminal case to be a witness against himself '.... 'It is extortion of information from the accused himself that offends our sense of justice.' " Id. at 398 (quoting Hale v. Henkel, 201 U.S. 43, 69-70 (1906) and Couch v. United States, 409 U.S. 322, 328 (1973)).
 
 
 10
 Although the Court has vigorously protected defendants' fifth amendment rights, it has been unwilling to extend them beyond questioning of the accused. Parker's attorney, if pressed, could have asserted attorney-client privilege to prevent revealing confidences. But that is a different matter entirely from Parker's argument that the fifth amendment prohibited the court from asking the question.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3