952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David K. BALDWIN, Defendant-Appellant.
 No. 90-30463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Jan. 6, 1992.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 * Neither Schork nor Forrester acted on behalf of the government when they searched Baldwin's package. Acting as private citizens, their conduct is not subject to the Fourth Amendment. Walter v. United States, 447 U.S. 649, 656 (1980). We agree with the district court that the fruits of the search were admissible.
 
 
 2
 The government did not encourage or even acquiesce in the search. Although the government had a reward program, both Schork and Forrester testified that they were not motivated by the prospect of a reward. Each had been trained to follow company policy, and they did so when they opened Baldwin's package. Drug agents became involved after the search, but later government involvement does not transform private citizens' conduct into governmental action. United States v. Sherwin, 539 F.2d 1, 7 (9th Cir.1976).
 
 II
 
 3
 We need not reach the issue of whether agents violated Baldwin's Miranda rights by questioning him about his address, because we find that any error was harmless beyond a reasonable doubt. For the error to be harmless, there must be overwhelming evidence of guilt absent the inadmissible evidence. United States v. Noti, 731 F.2d 610, 615-16 (9th Cir.1984).
 
 
 4
 Baldwin's statements about his address played an insignificant role in the government's case. Of the government's 12 witnesses, only one mentioned the statements and then only to explain how the agents eventually found Baldwin's true address.
 
 
 5
 The jury heard more than enough evidence to sustain the conviction. It saw pictures of and heard testimony about the 345 plants found at 103 Galer. Papers in Baldwin's briefcase made clear that he lived at the Galer address. This was confirmed when agents found that his keys fit the front door, his garage door opener opened the garage door and the answering machine carried his recorded voice. His landlord testified that she rented the house to him personally and visited him there. She also produced a copy of the lease signed by Baldwin.
 
 
 6
 Kevin Rice testified that he had sold 24-25 pounds of marijuana for Baldwin over the past few years. He said that the money in the package represented proceeds from recent sales, and that the accompanying note acknowledged that he still owed Baldwin for two one-quarter pound shipments. This, together with the large quantity of drugs and cash confiscated, provided the jury with overwhelming evidence of Baldwin's guilt.[1]
 
 III
 
 7
 Even after exercising Baldwin's statements about his residence, we have little trouble concluding that the affidavit supported a finding that there was probable cause to search 103 Galer.
 
 
 8
 In drug trafficking cases, it is reasonable to infer that incriminating evidence is likely to be found where the dealer lives. United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). In weighing evidence of probable cause, a magistrate may rely on the conclusions of experienced law enforcement officers concerning the likely location of the evidence. United States v. Fannin, 817 F.2d 1379, 1381-82 (9th Cir.1987).
 
 
 9
 The affidavit provides ample information to support an inference that Baldwin lived at 103 Galer. It describes how agents found Baldwin's phone number in his papers. It explains that when the agents called the number, they recognized Baldwin's voice on the answering machine. The affidavit also explains how the officers found a receipt with Baldwin's name and 103 Galer as his address. Together with the conclusions of experienced drug agents, this information supported a finding of probable cause.
 
 IV
 
 10
 Baldwin raises as an initial matter on appeal the validity of the one plant-one kilogram equivalency. We decline to exercise our discretion to consider this issue; we find that Baldwin waived it by failing to raise it in the district court. See United States v. Hayden, 860 F.2d 1483, 1485 (9th Cir.1988).
 
 
 11
 Rather than ask the district court to consider the constitutional validity of the equivalency, Baldwin merely asked the court to depart downward. He contended that the equivalency overstated the quantity of marijuana, but he did not argue that the equivalency violates due process or equal protection. He failed to preserve the issue for appeal.
 
 V
 
 12
 Because we find that Baldwin did not meet his burden of showing that it was "highly improbable" that the gun found at his house was not connected to the drug offense, we find no error in the court's application of the two-point firearm enhancement. U.S.S.G. § 2D1.1, comment n. 3.
 
 
 13
 Agents found the gun at the top of the stairs leading to the basement where the plants were found. This court allows the enhancement when the drugs and gun are far removed from each other, and even when the gun itself is inoperable. United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991); United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). Neither the location of the gun, nor the fact that it was unloaded, can overcome the presumption that the gun was connected to the offense.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As for the firearm conviction, Baldwin's counsel conceded possession in his closing argument. Baldwin also argues that the court erred when it considered his statements about his address in sentencing. We disagree. Just as they did in his conviction, the statements played an insignificant role here too. Even without them, the court had plenty of evidence to justify imposing the obstruction of justice enhancement