996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto Rodriguez MARTINEZ, Petitioner-Appellant,
v.
James H. GOMEZ, Director; Attorney General of California,
Respondents-Appellees.
 No. 92-56611.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Alberto Rodriguez Martinez appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for two counts of assault on a police officer. We have jurisdiction under 28 U.S.C. § 2253, and affirm.
 
 
 3
 The denial of a writ of habeas corpus is reviewed de novo. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). State court factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d).
 
 
 4
 Martinez contends that the Double Jeopardy Clause of the United States Constitution was violated because the trial court held a hearing on "special allegations" eight days after Martinez had been found guilty of related criminal charges. This contention lacks merit.
 
 
 5
 The Double Jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Grady v. Corbin, 495 U.S. 508, 516 (1990). "A judge's ruling does not bar further prosecution if it does not represent a resolution in favor of the defendant on some or all of the factual elements of the offense charged." United States v. Castiglione, 876 F.2d 73, 76 (9th Cir.1988) cert. denied 493 U.S. 954 (1989).
 
 
 6
 Here, on January 5, 1989, in a non-jury trial the trial judge found Martinez guilty of the primary charges of assault with a firearm on a police officer. The trial judge did not, however, immediately proceed to trial on the special enhancement allegations of use of a firearm and a prior felony conviction. On January 13, 1989, the court heard arguments and found the special allegations to be true. On February 6, 1989, Martinez was sentenced on the primary charges and the special allegations.
 
 
 7
 The record demonstrates that the Double Jeopardy Clause was not implicated in this case because Martinez was not acquitted or convicted of the special allegations prior to the hearing on January 13. Furthermore, Martinez was not multiply punished for the same offense. The special allegations were separate discrete allegations which had to be separately alleged and separately proved. See Grady, 495 U.S. at 516. Accordingly, the district did not err by finding that the hearing on the special allegations against Martinez did not violate the Double Jeopardy Clause of the Constitution.[1] See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martinez's motion for appointment of counsel is denied. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir.1987)