42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Jesus OLIVARRA-GONZALES, Defendant-Appellant.
 No. 93-10639.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1994.*
Decided Nov. 22, 1994.
 
 1
 Before: POOLE and NOONAN, Circuit Judges, and HAGEN, District Judge**.
 
 
 2
 MEMORANDUM***
 
 Brady violation
 
 3
 We review de novo Olivarra-Gonzales' claim of an alleged Brady violation. United States v. Gillespie, 852 F.2d 475, 481 (9th Cir.1988). Olivarra's complaint is that the prosecution withheld evidence of an ongoing criminal investigation of Corral, the confidential informant.
 
 
 4
 The prosecution's obligations under Brady include the duty to produce impeachment evidence. Bagley v. Lumpkin, 798 F.2d 1297, 1301 (9th Cir.1986). To determine whether withheld impeachment evidence was so material as to require reversal, we must evaluate whether the impeachment evidence "if disclosed and used effectively.... may make the difference between conviction and acquittal." United States v. Bagley, 473 U.S. 667, 676 (1985). We must "consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defense's case" and to asses that effect "in light of the totality of the circumstances." Id. at 683.
 
 
 5
 Our review of the circumstances convinces us that Olivarra failed to state a Brady violation for at least two reasons. First, Corral was called by the defense, not by the prosecution. As this court has stated, "if the government fails to disclose material impeachment evidence regarding government witnesses, then it violates Brady and the due process clause." U.S. v. Kearns, 5 F.3d 1251, 1254 (9th Cir.1993) (emphasis added). Under Kearns, material simply is not "Brady material" unless it regards a government witness; material becomes Brady material by being, among other things, about a government witness. The defense, and not the government, called Corral.
 
 
 6
 Second, to be material under Brady, undisclosed information or evidence must be admissible. United States v. Kennedy, 890 F.2d 1056, 1059 (9th Cir.1989), cert. denied, 494 U.S. 1008 (1990). Olivarra has not shown that the government's knowledge that Corral had been indicted or was being investigated was itself admissible evidence. Because such knowledge was not evidence of a conviction, it was not admissible under Fed.R.Evid. 609. See United States v. Newman, 849 F.2d 156, 161 (5th Cir.1988). This court has held that "[e]vidence that happens to include prior misconduct may be admissible ... when it is offered to show the witness' possible bias or self-interest," United States v. Noti, 731 F.2d 610, 612-13 (9th Cir.1984). Here, however, there was no evidence that "happens to include prior misconduct." At most, the government knew that Corral was under investigation or had been indicted in other jurisdictions. The absence of evidence that Corral was being investigated by the DEA did not deprive Olivarra of an entrapment defense. The district court found that the defense had not presented evidence of entrapment, and a reasonable jury could not have concluded that Corral entrapped Olivarra simply because the DEA was investigating the possibility that Corral was a narcotics trafficker.
 
 
 7
 Consequently, Olivarra has not stated a Brady violation, and the motions to dismiss and for a new trial were properly denied.
 
 Admissibility of Agent Murillo's testimony
 
 8
 For a party to allege an evidentiary error on appeal, there must have been a contemporaneous objection, "stating the specific ground of objection, if the specific ground was not apparent from the context." Fed.R.Evid. 103(a)(1). See United States v. Hayden, 860 F.2d 1483, 1485 (9th Cir.1988). Since Olivarra objected only on the ground of irrelevance at trial, we cannot review Olivarra's first ground for appeal that Murillo was not properly qualified to testify as an expert.
 
 
 9
 We can, however, consider Olivarra's second ground that Murillo's testimony regarding his experience with drug organizations amounted to the forbidden use of a drug courier profile. See United States v. Beltran-Rios, 878 F.2d 1208, 1210 (9th Cir.1989). The relevance objection preserves this ground because the question on appeal is whether Murillo's general background experience is relevant to his testimony about the facts of this particular case.
 
 
 10
 We review the district court's decisions as to the relevance of evidence for an abuse of discretion. United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992). We hold that Murillo's testimony was not improper. Murillo's factual testimony included technical terms, such as "money man," which the jury could not have been expected to comprehend without Murillo's earlier, background explanation of such terms and the roles they signify. The government did not attempt to use Murillo's background testimony as a profile that Olivarra might be shown to meet. Unlike the situation in Beltran-Rios, there was a clean break between the background testimony and the testimony as to the facts of Olivarra's case.
 
 
 11
 Limitations on cross-examination of Murillo
 
 
 12
 Limitations on cross-examination are reviewed for an abuse of discretion. (United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992), cert. denied 113 S.Ct. 1290 (1993)). "[T]he trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness." (United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991)).
 
 
 13
 Olivarra has made no showing that the court's pre-emption of this cross examination denied the jury information it needed to assess Murillo's "biases and motivations." Murillo had testified generally as to his apprehensions about the use of informants and the possibility of entrapment. Furthermore, Murillo did in fact answer--and in the negative--the defense's question about whether his concerns about Olivarra's being predisposed arose after Murillo spoke with the prosecution. Therefore, the pre-empted testimony was not necessary for the jury to determine whether Murillo's concern about entrapment and predisposition were the result of the government's "coaching" him on this issue.
 
 Prosecutorial misconduct
 
 14
 Since we hold that there was no Brady violation here, Olivarra cannot make out a case of prosecutorial misconduct on this basis. Nor can support for a claim of prosecutorial misconduct be found in Olivarra's contention that certain slightly inflammatory remarks were made in the prosecution's closing. The remarks were followed by a strong curative instruction. There is no evidence that this isolated misconduct rose to the level of "materially affect[ing] the fairness of the trial" (United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986)), particularly since Olivarra's co-defendant was acquitted on all three charges and Olivarra was acquitted on one.
 
 
 15
 Consequently the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable David Warner Hagen, United States District Judge for the District of Nevada
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3