131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve STORY, Defendant-Appellant.
 No. 96-10445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1997.
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Guam. Alfred T. Goodwin, Circuit Judge, Presiding, Sitting by Designation.
 Before: FLETCHER, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Steve Story (Story) was indicted four separate times on essentially the same charges. Twenty eight months passed between the time of his initial indictment and the time he was convicted of the charges. Story appeals the district court's refusal to dismiss the indictments with prejudice on the grounds that the government violated both constitutional and statutory speedy trial guarantees. We have jurisdiction under 28 U.S.C. § 1294(c), and we affirm.
 
 ANALYSIS
 I. Sixth Amendment right to a speedy trial
 
 3
 Story experienced two different forms of delay between his first indictment and his eventual trial. Some of that time was between the dismissal of one indictment and reindictment, whereas some was actual post-indictment delay. The two forms of delay are analyzed separately. Preindictment delays are analyzed under the Fifth Amendment due process clause, while post-indictment delays are analyzed under the Sixth Amendment. United States v. Hayden, 860 F.2d 1483, 1486 & n. 4 (9th Cir.1988).
 
 
 4
 The time between the dismissal of the first indictment and the issuing of the second is considered preindictment delay even if it is well known that the government would reindict. Id. at 1486 & n. 3. While preindictment delay that results from negligence or worse may violate due process, see United States v. Swacker, 628 F.2d 1250, 1254 n. 5 (9th Cir.1980), the defendant must show actual prejudice from such delay, United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985). In this case, Story concedes that the delay did not actually prejudice his defense. Therefore he did not suffer a due process violation, and we thus consider only the twelve months of post-indictment delay to determine whether Story suffered a violation of his Sixth Amendment speedy trial rights.
 
 
 5
 Post-indictment Sixth Amendment speedy trial claims are reviewed de novo. United States v. Manning, 56 F.3d 1188, 1193 (9th Cir.1995).
 
 
 6
 Speedy trial challenges are subject to the four part Barker inquiry into "the 'length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " Id. at 1194 (quoting Doggett v. United States, 505 U.S. 647, 650 (1992) that quoted Barker v. Wingo, 407 U.S. 514 1972)). Delays over one year are considered "presumptively prejudicial." United States v. Beamon, 992 F.2d 1009, 1012-13 (9th Cir.1993) (quoting Doggett, 505 U.S. at 652 n. 1)
 
 
 7
 The 12 month post-indictment delay is sufficient to trigger our Barker inquiry. Story claims that not only did the government cause the delay, but it did so in bad faith in order to gain an impermissible advantage at trial. A bad faith delay "would present an overwhelming case for dismissal." Doggett, 505 U.S. at 656. Government negligence likewise weighs in favor of dismissal, but less so. Negligence must be accompanied by severe prejudice or an extraordinary delay in order to demand dismissal. Barker, 407 U.S. at 531; United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992); Beamon, 992 F.2d at 1014.
 
 
 8
 After reviewing the record, we conclude that the government was at most negligent in causing the delays once indictments were filed because the government made a good faith effort to comply with the Speedy Trial Act. We have held that "where the government is negligent ... prejudice will be presumed and its weight in defendant's favor will depend on the length of the delay." United States v. Aguirre, 994 F.2d 1454, 1456 (9th Cir.1993).
 
 
 9
 Despite this presumption of prejudice, we hold that the district court did not err when it found that any post-indictment delay suffered by Story did not violate the Sixth Amendment. The delay was only negligently brought on by the government and was not of such substantial length or severity as to necessitate a dismissal.
 
 II. Speedy Trial Act violations
 
 10
 A district court's application of the Speedy Trial Act is reviewed de novo. United States v. George, 85 F.3d 1433, 1436 (9th Cir.1996). The court's factual findings under the Speedy Trial Act are reviewed for clear error. United States v. Contreras, 63 F.3d 852, 855 (9th Cir.1995). In rendering a decision whether to dismiss with or without prejudice for a Speedy Trial Act violation, the district court shall make factual findings and apply them to the relevant statutory factors. United States v. Delgado-Miranda, 951 F.2d 1063, 1065 (9th Cir.1991) (per curiam).
 
 
 11
 The Speedy Trial Act provides that a defendant must be brought to trial within 70 days of his indictment. 18 U.S.C. § 3161(c)(1). When, upon the motion of the government, an indictment is dismissed without prejudice, upon reindictment the 70-day clock begins again where it left off before the first indictment was dismissed. See 18 U.S.C. § 3161(h)(6). On the other hand, if the indictment is dismissed upon the defendant's motion, the clock begins to run anew if the defendant is reindicted for the same charges.
 
 
 12
 Story made his initial appearance on his second indictment on November 23, 1994. At that point, 28 days were still available in order to bring him to trial, but the government did not inform the court of this limit. Trial was set for January 23, 1995. Story did not object to that date. On December 16, Story's initial counsel withdrew from the case, and new counsel was substituted on December 20. On January 4, 1995, the government filed a superceding indictment that retained the original charge and added a new charge. That same day, trial was reset for March 13, 1995. On January 6, the government requested the court to accelerate the trial date to "the present" because the speedy trial clock either had or was about to run. In that motion, the government suggested that should the scheduling be impossible, the court might move the trial date up and then find it necessary to delay it in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8)(A). The district court denied the government's motion to accelerate the trial date. It noted that Story would not have enough time to prepare his defense on his second, just-indicted charge, and that the standards set out in the cited statute did not support delaying the trial in the interests of justice. Story then moved to dismiss the indictment for speedy trial violations and the court dismissed the indictment without prejudice.
 
 
 13
 Story essentially argues that the government had an obligation to dismiss the earlier charge and that it acted in bad faith by failing to do so. The district court found that the government did not act in bad faith. We agree. The government conceded that the indictment was dismissible, and left it to the court to decide what to do. The court dismissed the indictment, and the question remaining is whether it properly did so without prejudice.[1]
 
 
 14
 A violation of the Speedy Trial Act alone does not require dismissal with prejudice. United States v. Taylor, 487 U.S. 326, 342 (1988). In order to decide whether a Speedy Trial Act violation requires dismissal with prejudice, a court must consider three factors outlined in 18 U.S.C. § 3162(a)(2): the seriousness of the offense; the facts and circumstances of the case that led to dismissal; and the impact of reprosecution on the administration of the Speedy Trial Act and on justice. The district court looked carefully at each of these issues. It found that the crime was serious. It analyzed the facts that led up to that point and found that Story suffered no actual prejudice and that some of the delay could be attributed directly to Story, such as his late substitution of a lawyer and his refusal to waive his statutory right to 30 days to prepare for trial when the government moved to have the trial date accelerated. And it found that because there was no evidence of any intention to harass by repeated indictments and/or by delay, reprosecution would not negatively impact the administration of the act or of justice generally. We hold that the district court did not err in deciding to dismiss without prejudice. Because the third indictment was dismissed without prejudice, the fourth indictment was properly brought.
 
 III. Rule 48(b) motion
 
 15
 The trial court's dismissal without prejudice under Rule 48(b) is subject to review for abuse of discretion. See United States v. Talbot, 51 F.3d 183, 186 (9th Cir.1995). Rule 48(b) provides that
 
 
 16
 [i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.
 
 
 17
 Fed. R.Crim. Proc. 48(b). A district judge may "not dismiss under Rule 48(b) on the basis of the delay between [a] Rule 48(a) dismissal [a dismissal requested by the government] and the reindictment." Hayden, 860 F.2d at 1486.
 
 
 18
 Story argues that because the government acted in bad faith and because the purpose of Rule 48(b) is to prevent harassment of a defendant, the district court should have dismissed the fourth indictment under this rule. The district court did not abuse its discretion in finding that no bad faith occurred, nor did it do so by denying the Rule 48(b) motion.
 
 CONCLUSION
 
 19
 Story's conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Story also argues that even if the government did not act in bad faith by waiting for him to bring the motion to dismiss, the district court actually granted the dismissal on the government's motion. Were that the case, the speedy trial clock would not have started over again upon reindictment. It was Story's motion, however, that the court granted