UNITED STATES of America,
Plaintiff–Appellee,

v.

Diego RODRIGUEZ–MARTINEZ,
Defendant–Appellant.

No. 06–50114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Nov. 17, 2006.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert L. Swain, Esq., Swain & Vance, San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM *

The government filed an indictment against Defendant Diego Rodriguez–Martinez, charging him with one count of attempted entry after deportation in violation of 8 U.S.C. § 1326. The district court dismissed the indictment pursuant to Federal Rule of Criminal Procedure 48(b).[1] The government filed a second indictment charging the same offense. Defendant moved to dismiss on grounds of double jeopardy, res judicata, and collateral estop-

pel. The district court denied the motion, and Defendant timely appeals.

We have jurisdiction to review pretrial orders rejecting claims of double jeopardy under the collateral order exception to the final judgment rule. *United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir.1988). On de novo review, *United States v. Schwartz*, 785 F.2d 673, 676 (9th Cir.1986), we affirm.

When an indictment is dismissed on the merits, double jeopardy precludes reindictment for the same charge. *United States v. Cejas*, 817 F.2d 595, 600 (9th Cir.1987). Additionally, a dismissal with prejudice under Rule 48(b) bars further prosecution of the same offense. *Castiglione*, 876 F.2d at 76 n. 1. But "[n]ormally, the dismissal of an indictment has no preclusive effect on further proceedings." *Cejas*, 817 F.2d at 600. Here, the district court dismissed the initial indictment *without* prejudice and without an adjudication of the merits. Thus, neither double jeopardy principles nor res judicata barred reindictment of Defendant on the same charge.

Because no issue of ultimate fact was litigated, Defendant's claim of collateral estoppel is equally unpersuasive. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Even though there is a disconnect between the November 14, 2005, order and the court's statement at the later motion hearing, the district court made no effort to correct or to amend its November 14, 2005, order. Therefore, we accept that the first indictment was dismissed pursuant to Rule 48(b), as the dismissal order stated.