**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10217 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00913-LEK-1 |
| v. | |
| MARK FAAITA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 13, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Defendant-appellant Mark Faaita appeals the district court's denial of his

motion to dismiss his indictment. We have jurisdiction under 28 U.S.C. § 1291.

Although Faaita concedes his appeal is untimely under Rule 4(b) of the Federal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rules of Appellate Procedure, this rule is not jurisdictional, *see United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015), and the government does not challenge the appeal's timeliness. Accordingly, we may address it.

The district court did not abuse its discretion in denying Faaita's motion to dismiss the 2014 indictment, even though it dismissed the prior 2011 indictment with prejudice. In dismissing the 2011 indictment, the district court did not make any finding that the government acted in bad faith, and such a finding would not have been supported by evidence in the record. While the district court may dismiss an indictment with prejudice when it *expressly* determines that the government is operating in bad faith, *see United States v. Hayden*, 860 F.2d 1483, 1487–88 (9th Cir. 2015), the district court made no such express determination here, and we decline to infer that the district court implicitly found bad faith, given the lack of support for such a determination in the record. Accordingly, the district court did not abuse its discretion in rejecting Faaita's argument that the government's 2014 indictment was a continuation of bad faith conduct. Moreover, the dismissal of the 2011 indictment with prejudice would not preclude the government from seeking a new indictment, *see United States v. Castiglione*, 876

F.2d 73, 76 (9th Cir. 1988), and the 2014 indictment charges different crimes and transactions than were included in the 2011 indictment.[1]

**AFFIRMED**

---

[1] We deny Faaita's motion to strike portions of the Government's supplemental excerpts of record.