UNITED STATES of America, Plaintiff-Appellee,

v.

Gerald Lawrence HALLAM, Defendant-Appellant.

No. 72–2359.

United States Court of Appeals, Ninth Circuit.

Jan. 9, 1973.

Martin Levine, Deputy Federal Public Defender (argued), John K. Van de Kamp, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Barry Russell (argued), Eric A. Nobles, Asst. U. S. Attys., William D.

Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and CHOY, Circuit Judges, and ENRIGHT,* District Judge.

PER CURIAM:

This appeal is taken from conviction of possession of an unregistered weapon in violation of 26 U.S.C. § 5861(d).

In January, 1971, appellant was indicted upon two counts. Count I was for violation of § 5861(d). Count II was for violation of the lesser offense of possession of a weapon by a felon. 18 U.S.C. App. § 1202(a).

As the result of a plea bargain, count I was dismissed, and appellant pleaded guilty to count II, was adjudged guilty and was sentenced to three years probation.

A year later appellant was charged with violation of probation and a hearing to consider resentencing was had. At that time the Government called the court's attention to a decision of the Supreme Court raising serious question as to the sufficiency of count II of the indictment to state a crime, and expressed its fears that appellant might, at his pleasure, repudiate the bargain by attacking judgment on count II under 28 U.S.C. § 2255 after the statute of limitations had run on count I. The court then, over the objections of appellant, in effect reached past the adjudication to rescind the plea bargain upon which it was based. It set aside the guilty plea and dismissed count II of the indictment.[1] The United States then reindicted appellant on count I. Protesting double jeopardy, and asserting his right to stand on his plea bargain, appellant nevertheless stipulated to the facts and was thereupon adjudged guilty. This appeal followed. We reverse.

 Judgment having been entered upon count II, it did not lie with the Government unilaterally to seek to set it aside over the objections of the appellant. It is clear from Santobello v. New York, 404 U.S. 257, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that due respect for the integrity of plea bargains demands that once a defendant has carried out his part of the bargain the Government must fulfill its part. Here, this required that the dismissal of count I of the original indictment must stand.

Reversed and remanded with instructions that the judgment appealed from be set aside and the indictment dismissed.

---

* Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

1. It is not clear whether the court also set aside judgment on count II. Apparently appellant does not wish it set aside or to be placed in the position of repudiating the plea bargain.