**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**David Rowland Lee VAUGHAN,
Defendant/Appellant.**

**No. 82–1718.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1983.

Decided Sept. 15, 1983.

Michael J. McCabe, San Diego, Cal., for defendant/appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Roger W. Haines, Jr., Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before GOODWIN, TANG and FLETCHER, Circuit Judges.

TANG, Circuit Judge:

Vaughan appeals from a judgment of conviction entered upon his plea of guilty to Count Two of an indictment handed down in 1982. He argues that the district court erred in finding that prosecution under Count Two was not barred by the double jeopardy clause of the United States Constitution. He asserts that the conspiracy charged in Count Two of the 1982 indictment was the same conspiracy for which he was charged in an indictment handed down in 1977. We conclude that jeopardy never attached with respect to the 1977 charge and therefore prosecution under the 1982 indictment does not constitute double jeopardy regardless of whether the 1977 and 1982 indictments charged the same conspiracy.

## BACKGROUND

On December 9, 1977, the grand jury returned an eight-count indictment against Vaughan and 25 other defendants. Count One of that indictment charged Vaughan with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1976). Eleven overt acts were alleged and the conspiracy was alleged to span from January, 1973 to December, 1976.

Count Two of the 1977 indictment charged a conspiracy, within the same dates, to import marijuana into the United States in violation of 21 U.S.C. §§ 952, 960 and 963 (1976). The same eleven overt acts were realleged under Count Two. The remaining six counts are not relevant to this appeal.

On March 8, 1979, shortly after arraignment and well before trial commenced, Vaughan pleaded guilty to a superseding information charging him with simple possession of marijuana, in April 1974, in violation of 21 U.S.C. § 844 (1976). Vaughan was fined and placed on probation. The underlying indictment was dismissed pursuant to the plea bargain.

On August 3, 1982 the grand jury returned a three-count indictment against Vaughan and 26 other defendants. Count One of the 1982 indictment charged Vaughan with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), and 846 (1976). Forty overt acts were alleged in connection with this count. The conspiracy was alleged to have begun in January 1977 and continued until April 1982.

Count Two of the 1982 indictment charged Vaughan with conspiracy, within the same dates, to import marijuana into the United States in violation of 21 U.S.C. §§ 952, 960 and 963 (1976). The same overt acts alleged in Count One were realleged in Count Two. Count Three is not relevant to this appeal.

On September 16, 1982, Vaughan filed a motion with the district court to dismiss Counts One and Two of the 1982 indictment; he argued that these Counts charged him with conspiracies identical to those charged in the 1977 indictment and thus the double jeopardy clause barred the 1982 conspiracy prosecution.

The district court applied the "factor analysis" of *Arnold v. United States,* 336 F.2d 347, 349–52 (9th Cir.1964), *cert. denied,* 380 U.S. 982, 85 S.Ct. 1348, 14 L.Ed.2d 275 (1965), and ruled that the 1982 conspiracy charges differed from those charged in the 1977 indictment. The district court also acknowledged, however, that Vaughan had never left the conspiracy when he entered the guilty plea in 1979. The court nevertheless refused on public policy grounds to grant Vaughan "immunity" under the guise of the double jeopardy clause to continue his participation in the conspiracy particularly where, as here, different overt acts and time periods were involved and modes of operation had changed somewhat.

Following this ruling Vaughan entered a guilty plea to Count Two of the 1982 indictment. He appeals from the judgment of conviction entered thereon pursuant to *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). No plea was entered as to Count One and no (interlocutory) appeal has been taken as to that count. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977).

DISCUSSION

Vaughan argues that the district court erred in determining that prosecution of the conspiracies charged in the 1982 indictment was not barred by the double jeopardy clause of the fifth amendment. He asserts that both the 1977 and 1982 indictments encompass the same conspiracies and because he entered into a plea agreement disposing of the 1977 conspiracy charges, he has been placed in jeopardy a second time under the 1982 indictment for the same conspiracy offenses.

■ The double jeopardy clause precludes the government from placing defendants in jeopardy more than once by subdividing a single conspiracy into multiple conspiracy charges and thereby pursuing successive prosecutions. *United States v. Bendis,* 681 F.2d 561, 563 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Solano,* 605 F.2d 1141, 1144 (9th Cir.1979), *cert. denied,* 444 U.S. 1020, 100 S.Ct. 677, 62

L.Ed. 652 (1980). Therefore, if the 1982 conspiracies are "indistinguishable in law and in fact" from the 1977 conspiracies and Vaughan has been placed in jeopardy as to both, his double jeopardy claim may be sustained. *Id.*

The threshold inquiry in this setting is whether Vaughan has twice been placed in jeopardy as a result of proceedings stemming from the 1977 and 1982 indictments. We hold that he has not.

■ The double jeopardy clause assures that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The object of the double jeopardy clause is to protect a defendant who has once been convicted and punished or acquitted for a particular crime from the risk of further punishment by being tried or sentenced anew for the same offense. *Ex parte Lange,* 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1874); *United States v. Brooklier,* 637 F.2d 620, 621 (9th Cir.1980), *cert. denied,* 450 U.S. 980, 101 S.Ct. 1514, 67 L.Ed.2d 815 (1981). The double jeopardy clause seeks to assure that the defendant will not be subject to the embarrassment, anxiety, insecurity, expense and ordeal of successive prosecutions for the same offense. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957).

■ In determining whether the prohibition against double jeopardy has been invoked, courts have found it necessary to "define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.'" *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). The question of whether jeopardy has attached must be analyzed in terms of the flexible policy considerations underlying the concept rather than hard and fast rules. *United States v. Choate,* 527 F.2d 748, 751 (9th Cir.1975). In this sense, trial of the issue of guilt or innocence is the essence of jeopar-

dy. *United States v. Patrick,* 532 F.2d 142, 145 (9th Cir.1976).

■ In *Serfass* the Supreme Court reconfirmed that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge'". 420 U.S. at 388, 95 S.Ct. at 1062. Thus, in a non-jury trial, jeopardy attaches when the court begins to hear evidence. *Id.; United States v. Choate,* 527 F.2d at 751. In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978); *United States v. Hill,* 473 F.2d 759, 761 (9th Cir.1972).

■ The issue of Vaughan's guilt or innocence of the conspiracies charged in the 1977 indictment never came before a trier of fact. *Cf. United States v. Garcia,* 589 F.2d 249, 250–51 (5th Cir.1979) (indictment and prosecution does not sufficiently jeopardize a defendant until the defendant is put to trial before the trier of fact); *United States v. Choate,* 527 F.2d at 750–51 (dismissal of indictment before defendant is put to trial before trier of fact on issue of guilt or innocence does not constitute jeopardy); *United States v. Hill,* 473 F.2d at 763 (jeopardy does not attach in most pretrial proceedings because the court is not deciding the general issue—guilt *vel non*). Vaughan pleaded guilty shortly after arraignment in the course of pretrial proceedings to a superseding information charging him with simple possession of marijuana in violation of 21 U.S.C. § 844. On this basis, the 1977 indictment containing the first conspiracy charges was dismissed. No jurors had been selected nor any evidence pertaining to guilt or innocence of the conspiracy charges adduced. The record does not indicate that the dismissal in any way implied acquittal on those charges. *Cf. United States v. Dahlstrum,* 655 F.2d 971, 974 (9th Cir.1981), *cert. denied,* 455 U.S. 928, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982) (dismissal

is not equivalent to acquittal even if dismissal is "with prejudice"). On this record, we conclude that Vaughan was never placed in jeopardy in connection with the conspiracies charged in the 1977 indictment.[1]

In reaching this conclusion we are guided by our recent holding in *United States v. Barker,* 681 F.2d 589 (9th Cir.1982). In *Barker,* the defendant was indicted for first degree murder of her husband and conspiracy to commit the murder. Barker entered a plea agreement under which she pleaded guilty to second degree murder in exchange for dismissal of the indictment charging first degree murder and conspiracy. Subsequently, she initiated proceedings under 28 U.S.C. § 2255 to have her plea and conviction set aside. The district court, finding that Barker had not been informed adequately of the nature of the second degree murder charge, set aside the judgment of conviction and reinstated the original indictment. Barker moved for dismissal of the reinstated indictment on grounds of double jeopardy. She maintained that by accepting her plea of guilty to second degree murder, the district court necessarily found an adequate factual basis for the charge and this constituted an implicit acquittal of the first degree murder and conspiracy charges. *Id.* at 590.

This court rejected Barker's contention. We reasoned that first, Barker never stood trial on the first degree murder and conspiracy charges and, thus, was never "in direct peril". *Id.* at 591. As such, reinstatement of the indictment and trial did not constitute "reprosecution" nor was Barker "subjected to the physical, psychological and financial burdens" of repeated prosecution. *Id.* Secondly, the trial judge's review of the plea agreement was

not a forum for consideration of the factual basis of the abandoned charges. Any determination as to the defendant's guilt or innocence [was] restricted to the specific charge to which the defendant had agreed to plead guilty. In accepting the plea to the lesser offense the judge [was] not free to consider conviction or acquittal on the more serious offense. In the context of a plea hearing, the latter charge [was] not before him.

*Id.* at 592; *see also Klobuchir v. Pennsylvania,* 639 F.2d 966 (3rd Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 474 (1981) (double jeopardy clause does not bar trial on greater offense where that charge had previously been dismissed pursuant to plea agreement and conviction of lesser offense which was subsequently vacated); *United States v. Combs,* 634 F.2d 1295 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981) (acceptance of guilty plea on lesser included offense not implicit acquittal of greater offense).

*Barker* stands as a compelling analogy. Like Barker, Vaughan has not faced a trier of fact with respect to the 1977 conspiracy charges. Nor did the district court consider the factual basis of the 1977 conspiracy charges when reviewing the plea of guilty to the superseding information. The issue of Vaughan's guilt or innocence of the 1977 conspiracy charges has never come before a trier of fact, implicitly or otherwise.

■ We hold that Vaughan was never placed in jeopardy with respect to the 1977 conspiracy charges. With respect to the conspiracy of which Vaughan has been convicted, even if the 1982 indictment charged Vaughan with the same continuing conspiracies as were the subjects of the 1977 indictment, jeopardy attached but once—upon pleading guilty to Count Two of the

---

1. In an analogous case, *United States v. Hallam,* 472 F.2d 168 (9th Cir.1973), we observed that "breach of plea agreement" may serve as a more viable theory for dismissal of an indictment than does double jeopardy in circumstances similar to these. *Id.* at 169, citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, Vaughan did not raise this argument and we decline to address it *sua sponte.*

1982 indictment.[2] Because we conclude that Vaughan has not been twice placed in jeopardy, we need not decide whether the district court erred in finding that the conspiracies charged in the 1977 and 1982 indictments were separate as a matter of fact or policy.

AFFIRMED.

2. Where there is neither a trial before a jury or a judge but, instead, a defendant enters a plea of guilty to one of the crimes with which he has been charged, jeopardy ordinarily attaches as to that crime upon acceptance of the plea by the court. *See United States v. Cruz*, 709 F.2d 111, 114–116 (1st Cir.1983); *United States v. Hecht*, 638 F.2d 651, 657 (3d Cir.1981).