961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Valentin MENDOZA-CISNEROS, Defendant-Appellant.
 No. 90-30285.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 28, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Valentin Mendoza-Cisneros appeals his convictions, following a bench trial, for possession, conspiracy to distribute, and distribution of five hundred grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Mendoza-Cisneros contends that the district court erred by failing to dismiss the indictment against him as violative of the Double Jeopardy clause. He argues that his prosecution in the Western District of Washington, following the dismissal of an indictment in the Eastern District of Washington charging the same offenses, constitutes a second prosecution for the same offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district's denial of a motion to dismiss an indictment on double jeopardy grounds. United States v. Castiglione, 876 F.2d 73, 75 (9th Cir.1988), cert. denied, 493 U.S. 954 (1989).
 
 
 4
 The Double Jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Grady v. Corbin, 495 U.S. 508, 516 (1990). "[J]eopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or judge.' " Serfass v. United States, 420 U.S. 377, 388 (1975) (quoting United States v. Jorn, 400 U.S. 470, 479 (1971)). "Thus, in a non-jury trial, jeopardy attaches when the court begins to hear evidence. In a jury trial, jeopardy attaches when the jury is empaneled and sworn." United States v. Vaughn, 715 F.2d 1373, 1376 (9th Cir.1983) (citations omitted). "A judge's ruling does not bar further prosecution if it does not represent a resolution in favor of the defendant on some or all of the factual elements of the offense charged." Castiglione, 876 F.2d at 76 (footnote omitted).
 
 
 5
 Here, Mendoza-Cisneros was indicted by a federal grand jury in the Western District of Washington. While this indictment was pending, a second indictment including the same offenses as part of a larger conspiracy was filed in the Eastern District of Washington. The government moved to dismiss the original indictment without prejudice to pursue the second indictment. The district court for the Western District granted the government's motion.
 
 
 6
 Due to a pretrial ruling adverse to the government in the Eastern District, Mendoza-Cisneros moved to dismiss the second indictment. The district court granted the unopposed motion. A superseding indictment, charging the same offenses as the original indictment, was filed in the Western District of Washington. Mendoza-Cisneros filed a motion to dismiss the superseding indictment based on the pretrial ruling and the government's acquiescence in the dismissal of the indictment in the Eastern District. He argued that these two actions constituted an acquittal of the charges. The district court denied the motion.
 
 
 7
 The issue of Mendoza-Cisneros' guilt or innocence of the cocaine charges in the Eastern District indictment never came before a trier of fact. See Vaughn, 715 F.2d at 1376. The indictment was dismissed before any jurors had been selected or any evidence pertaining to guilt or innocence of the cocaine charges had been adduced. See id.; see also Castiglione, 876 F.2d at 76. There is no indication in the record that the dismissal implied an acquittal on these charges. See Vaughn, 715 F.2d at 1376. In light of this record we hold that Mendoza-Cisneros was never placed in jeopardy in connection with the cocaine charges in the Eastern District of Washington. See id. at 1377. The government's decision not to prosecute the larger conspiracy following an adverse evidentiary ruling did not implicate Mendoza-Cisneros' guilt or innocence of the charges underlying his conviction in the Western District. Therefore, the district court did not err by finding that Mendoza-Cisneros was not entitled to a dismissal of the third indictment. See Castiglione, 876 F.2d at 76; Vaughn, 715 F.2d at 1378.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3