**UNITED STATES of America, Plaintiff,**

v.

**Lewis Edward FRANKLIN, aka "London," Defendant.**

No. CR 89–61–RE.
Civ. No. 94–1382–RE.

United States District Court,
D. Oregon.

July 6, 1995.

Kristine Olson, United States Attorney, District of Oregon, Michael J. Brown, and Robert D. Nesler, Assistant United States Attorneys, Portland, OR, for the U.S.

Lewis Edward Franklin, Sheridan, OR, defendant pro se.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge:

Defendant Lewis Edward Franklin moves to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his conviction violates the Double Jeopardy Clause of the Fifth Amendment. I have considered the evidence and arguments presented by the parties and conclude that the motion must be denied.

## FINDINGS OF FACT

On March 15, 1989, Franklin was indicted on two federal drug charges and a warrant was issued for his arrest. On April 21, 1989, Franklin was arrested, the vehicle he was driving was searched, and the officers discovered cocaine in the vehicle. The vehicle, a 1979 Cadillac Seville, and a cellular telephone were seized for administrative forfeiture.

On June 13, 1989, Franklin was charged in a four-count superseding indictment, which added two charges relating to the drugs discovered on April 21 to the former charges. On May 24, 1990, Franklin entered a guilty plea to Count 3 of the superseding indictment, which related to the events on April 21. Franklin was sentenced to 210 months in prison in July 1990.

Meanwhile, the FBI moved forward with the administrative forfeiture of the car and telephone. Although the car was titled in the name of Shirlene Richardson, the FBI attempted to notify Franklin, as well as Richardson, of the forfeiture. On December 21, 1989, the FBI sent notice of the forfeiture to Franklin's last known address. The FBI also sent notices to Franklin at the Multnomah County Detention Center and in care of his attorney of record in the criminal proceedings, Robert Goffredi. Each of these notices was sent certified mail, return receipt requested.

The notice to Franklin's last known address was returned unclaimed. On January 3, 1990, the notice sent to the Multnomah County Detention Center was signed for by Leslie Parr. However, it appears that Franklin had been transferred to a facility in Clark County, Washington, and therefore was no longer in the Multnomah County Detention Center.

On December 26, 1989, the notice sent to Franklin in care of his attorney was signed for by W.K. Shepherd, an attorney who rented office space from Goffredi. Under usual office procedures, Shepherd would have given such mail to Goffredi's secretary, who would have placed the mail in Franklin's file. However, it is unclear whether the notice ever reached Goffredi or Franklin's file. On December 28, 1989, Goffredi filed a motion to withdraw as counsel for Franklin. The motion was granted the following day, and Goffredi turned over Franklin's file to the replacement counsel, Richard Mannis. Unfortunately, Mannis died unexpectedly in early 1990, and the notice cannot be found in his files.

Notice was also directed to the title owner of the car, Shirlene Richardson, who was a friend of Franklin. The notice was signed for by Evelyn J. Richardson. In addition, notices of the forfeiture proceeding were published in The Oregonian newspaper for three consecutive weeks in January, 1990. No claim was filed by either Franklin or Shirlene Richardson, and the administrative forfeiture was completed on May 17, 1990. Franklin maintains that he failed to file a claim because he did not receive notice and was not aware of the pending forfeiture.

## CONCLUSIONS OF LAW

■ Franklin contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was subjected to a prior civil forfeiture based on the same offense. The United States contends that Franklin's claim of double jeopardy must fail because he did not file a claim in the forfeiture proceedings.

I have consistently ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett*, 877 F.Supp. 519 (D.Or.1995); *United States v. Branum*, 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States*, 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). Thus, Franklin's failure to file a claim leads to the conclusion that he was not subjected to jeopardy more than once.

However, Franklin contends that his failure to file a claim was caused by the United States' failure to provide notice to him. Franklin argues that he should be treated as if he had filed a claim because "but for" the United States violation of his due process rights he would have filed a claim.

The constitutional right to due process dictates that the government must provide notice "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the case of administrative forfeitures, the United States must also comply with the statutory requirements set out in 19 U.S.C. § 1607. This section requires notice to be sent to each party who appears to have an interest in the seized article. In addition, the government shall publish notice for three successive weeks. Federal regulations require such publication to be in a newspaper which publishes in the Customs district and the judicial district in which the property was seized. 19 C.F.R. § 162.45.

On the facts before me, I find that the United States has adequately complied with the statutory requirements in this case. The United States published notice in The Oregonian, a general circulation newspaper distributed in the entire Portland metropolitan area, including Clark County, Washington. In addition, the United States sent out three separate notices in its attempt to notify Franklin, as well as the notice directed to Richardson.

■ I further find that the notices sent by the United States were reasonably calculated to provide notice to Franklin, and therefore satisfied due process requirements. Although through a series of mishaps Franklin may not have received actual notice, due process does not require success, so long as the government has made reasonable efforts to give notice. *Quinones–Ruiz v. United States Customs Service*, 873 F.Supp. 359 (S.D.Cal.1995). For instance, notice of a proposed forfeiture was adequate where the DEA sent notice to the address from which property was seized after informing counsel that forfeiture proceedings would ensue, despite the fact that the mailed notice was ineffective. *Sarit v. United States Drug Enforcement Admin.*, 987 F.2d 10 (1st Cir.), cert. denied, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993). The Ninth Circuit recently stated that the question whether the government's notice efforts were constitutionally sufficient should be considered in light of *Sarit*. *United States v. Clagett*, 3 F.3d 1355, 1357 (9th Cir.1993).

In the present case, there is no showing that the United States knew or should have known that its attempts to serve notice would be ineffective. *See United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1316–17 (10th Cir.1994) (citing such knowledge as a factor that could support a due process violation). In fact, the United States apparently was successful in serving Franklin's attorney of record, and cannot be charged with the failure to pass on the notice to Franklin. Notice to a defendant's attorney is "reasonably calculated" to inform the defendant of forfeiture proceedings. *51 Pieces of Real Property*, 17 F.3d at 1317.

Accordingly, I find that Franklin's due process rights were not violated by the failure of notice, and that Franklin is not entitled to be treated as if he had participated in the forfeiture proceedings. Therefore, I find that Franklin was not subjected to jeopardy in the forfeiture proceedings, and that

Franklin's conviction did not violate the double jeopardy clause.

## CONCLUSION

For the reasons stated above, Franklin's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. This proceeding is dismissed.