117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Ricardo Carriaga, Defendant-Appellant.
 No. 96-10427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1997
Decided July 2, 1997.
 
 Appeal from the United States District Court for the District of Guam, No. CR-96-00017-JSU; John S. Unpingco, District Judge, Presiding.
 Before: REINHARDT, T. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pursuant to a plea agreement with the Guam Attorney General, Jerome Carriaga pled guilty to the Guam offense of child abuse. The Guam Attorney General dismissed the related charges of aggravated assault and possession of a firearm without an identification card. As part of the plea agreement, both parties acknowledged that the agreement was "a total and conclusive resolution" of the charges. The United States Attorney thereafter indicted Carriaga for being a felon in possession of a firearm. Carriaga appeals from the district court's denial of his motion to dismiss the federal criminal indictment as double jeopardy, a breach of the plea agreement, or a violation of an implied prosecutorial duty of good faith and fair dealing.
 
 
 3
 The government concedes that Guam and the federal government are a single sovereign. Thus, while a state and the federal government, as dual sovereigns, could bring successive prosecutions for the same offense, Bartkus v. Illinois, 359 U.S. 121 (1959), double jeopardy would prevent the federal government and one of its territories from doing the same thing. United States v. Wheeler, 435 U.S. 313, 321-22 (1978).
 
 
 4
 Carriaga, however, was not prosecuted by Guam on the firearm charge. Although Guam indicted Carriaga on the Guam firearm violation, the charge was dismissed as part of the plea agreement, and jeopardy did not attach. United States v. Sparks, 87 F.3d 276, 279 (9th Cir.1996); United States v. Vaughan, 715 F.2d 1373, 1376 (9th Cir.1983). Jeopardy attaches at the acceptance of the guilty plea. Vaughan, 715 F.2d at 1378 n. 2. Carriaga never suffered jeopardy on the Guam firearm charge; therefore, even if the federal firearm prosecution were identical to the Guam firearm charge that was dismissed, double jeopardy would not be implicated. See id. at 1377 n. 1. (noting that rather than alleging double jeopardy, the appropriate course would be to allege breach of a plea agreement and sue for specific performance of the plea contract).[1]
 
 
 5
 Nor, unfortunately, can Carriaga prevail on his breach of plea agreement argument. The plea agreement promise that it is "a total and conclusive resolution of the charges described within this plea agreement" is just not enforceable against the Department of Justice or the United States Attorney.
 
 
 6
 The Attorney General of Guam lacked authority to bind the United States Attorney. "[C]ompliance by the government with promises made during plea bargaining ... requires that the agent be authorized to make the promise." Thomas v. I.N.S., 35 F.3d 1332, 1338 (9th Cir.1994). We have consistently held that officials with lesser authority over prosecutions than the United States Attorney cannot bind a United States Attorney. Id. at 1340; see, e.g., United States v. Cordova-Perez, 65 F.3d 1552, 1554 (9th Cir.1995) (INS agent), cert. denied, 117 S.Ct. 113 (1996); United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986) (VA administrator); United States v. Hudson, 609 F.2d 1326, 1329 (9th Cir.1979) (Secret Service).[2] Although the Guam Attorney General derives its power from the same sovereign, it has less authority over prosecutions than United States Attorneys who enforce the laws of the United States. The Guam Attorney General enforces only those laws that Guam has legislated. Thus, absent some evidence of knowledge of the agreement and consent to be bound by it, the United States Attorney is not obligated to keep any promises that were made by the Guam Attorney General.
 
 
 7
 Finally, Carriaga points out that the government has a duty of good faith and fair dealing in plea bargaining. Santobello v. New York, 404 U.S. 257, 262 (1971). While this is true, Carriaga points to no case which suggests a United States Attorney is bound by "good faith" to keep a promise made by an official with less authority. Moreover, here there was no reason for Carriaga to believe that the Guam Attorney General would have the authority to agree not to prosecute a federal crime that was not a subject of the Guam indictment.
 
 
 8
 Seeking dismissal of the federal indictment, Carriaga also argues that the Guam Attorney General breached its good faith obligation by obtaining a plea without informing him that he was still subject to federal prosecution. See United States v. Krasn, 614 F.2d 1229, 1234 (9th Cir.1988) ("In certain cases this duty of good faith would encompass an obligation to inform a defendant during plea bargain negotiations of other possible criminal charges which may be filed."). Even assuming Carriaga is correct, we lack authority to provide a remedy. Ordinarily, when the government breaches its good faith obligations under a plea agreement, the court may require the government to fulfill its promise ("specific performance" of the plea agreement) or it may give the defendant the opportunity to withdraw his plea. Santobello, 404 U.S. at 263.
 
 
 9
 Dismissing the federal indictment, the relief Carriaga seeks, is an action for specific performance of the plea agreement. The performance Carriaga seeks, however, is not possible, since the agreement, by its terms, covers only the three Guam charges described therein and only binds the Guam Attorney General. Cf. United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir.1988) (if enforcement of a plea agreement is possible, then specific performance is appropriate remedy; if not possible, court could give defendant option of withdrawing his plea).[3]
 
 
 10
 Although we understand Carriaga's plight (and, no doubt, the potential plight of many others on Guam), neither the double jeopardy clause of the constitution nor the plea agreement with the Guam Attorney General affords him protection from a subsequent federal prosecution.[4]
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nor does 48 U.S.C. § 1704(a) aid Carriaga's double jeopardy argument. Section 1704 states that "a judgment of conviction or acquittal on the merits under the laws of Guam, the Virgin Islands, or American Samoa shall be a bar to any prosecution under the criminal laws of the United States for the same act or acts ...." (emphasis added). There was, however, no conviction or acquittal "on the merits" on the Guam firearms charge, so it cannot bar a subsequent firearm prosecution. Furthermore, the "act" of child abuse, which was prosecuted by Guam, is not the same "act" as possessing a firearm
 
 
 [2]
 It is even unclear whether one United States Attorney can bind a United States Attorney in another district. Compare Margalli-Olvera v. I.N.S., 43 F.3d 345, 353 (8th Cir.1994) (can bind), with United States v. Abbamonte, 759 F.2d 1065 (2d Cir.1985) (cannot bind)
 
 
 [3]
 Because the original proceeding took place in a Guam court, and not a federal court, we lack authority to give Carriaga the alternative remedy of withdrawing his original plea
 
 
 [4]
 Although the Guam Attorney General's office and the United States Attorney's office are under no constitutional obligation to coordinate their prosecutions, perhaps a little more communication between the two offices in situations like Carriaga's might be appropriate